307 N. Y. 818; Gassman, Election Law [2d ed.], § 80, pp. 448–449). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■  In the Matter of FRED T. SANTUCCI, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and EUGENE J. MCMAHON et al., Appellants.— In a proceeding under section 330 of the Election Law: (1) to invalidate a petition designating Eugene J. McMahon as a candidate of the Democratic party in the primary election to be held June 2, 1964 for a certain stated party position in the Eleventh Assembly District, Queens County; and (2) for other related relief, the said McMahon appeals from a judgment of the Supreme Court, Queens County, entered May 21, 1964 after a hearing, which granted the application and *inter alia* declared said designating petition a nullity. Judgment reversed on the law and the facts, without costs; and judgment directed denying the application (to invalidate the petition) and declaring such petition to be valid. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. An examination of the record establishes and we find: (1) that there are a sufficient number of valid signatures on the designating petition; and (2) that in form and substance it satisfies the requirements of the Election Law applicable to designating petitions. In our opinion, the reasons assigned by the learned Justice at Special Term for nullifying and designating petition are extraneous; they may not properly be taken into consideration in determining the validity of designating petitions prepared pursuant to the Election Law (cf. *Cantwell* v. *Connecticut*, 310 U. S. 296, 310). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■  In the Matter of ANNE M. LITOF, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and ROBERT M. WEITZ, Appellant.— In a proceeding under section 330 of the Election Law: (1) to invalidate a petition designating Robert M. Weitz as a candidate of the Democratic party in the primary election to be held June 2, 1964 for the public office of Member of the Assembly in the Twelfth Assembly District, Queens County; and (2) for other related relief, in which the said designee Weitz interposed a counterclaim to validate certain signatures on the designating petition, he appeals from a judgment of the Supreme Court, Queens County, entered May 25, 1964 after a hearing, which granted the application, and which *inter alia* invalidated the designating petition, and dismissed his counterclaim. Judgment reversed on the law and the facts, without costs; and judgment directed denying the application (to invalidate the designating petition), granting the counterclaim of the designee Weitz to validate certain signatures on the petition, and declaring the petition to be valid. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. We find that there was insufficient proof to establish that any fraud or deception was practiced upon any subscriber to the petition or that any subscriber was actually deceived. Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■  In the Matter of ANNE K. TUPPER, Individually and on Behalf of CHARLES E. TUPPER, Respondent, v. EVERETT MCNAB et al., Respondents, and JAMES EAGAN, Appellant.— In a proceeding under section 330 of the Election Law: (1) to declare valid a petition designating Anne K. Tupper and Charles E. Tupper as candidates of the Democratic party in the primary election to be held June 2, 1964 for certain party positions in the Third Assembly District, Suffolk County; and (2) for other related relief, James Eagan (an objector) appeals from a judgment of the Supreme Court, Suffolk County, entered May 20, 1964, which granted the application and *inter alia* directed that the names of said designees be placed on the ballot. Judgment reversed on the law and

the facts, without costs, and judgment directed denying the application and declaring the designating petition to be invalid. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. We find that the offices for which the petition was filed were inadequately described (cf. *Matter of Goldstein* v. *Meisser*, 11 A D 2d 687; *Matter of Byrnes* v. *Board of Elections of County of Nassau*, 307 N. Y. 816). Ughetta, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.